## MARRON v. ATLANTIC REFINING CO.
### Civil Action No. 6595.

District Court, E. D. Pennsylvania.

Oct. 22, 1947.

Freedman, Landy & Lorry, of Philadelphia, Pa., for plaintiff.

Otto Wolff, Jr., of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

In this case the defendant has asked for clarification of the Court's ruling that the 26th and 27th interrogatories as modified by the Court be answered. It appears in this case that the defendant has underwriters who are defending the case, and that the counsel for the underwriters is also the counsel for the defendant in the present case.

With that in mind, I make the following rulings:

First, if the underwriters have taken any statements of witnesses and transmitted the same to the defendant, they will be produced, without regard to whether they were transmitted through the medium of counsel for the defendant and its underwriters.

Secondly, the defendant need not produce the report to which it refers in its answer to the eighth interrogatory; namely, a confidential report received by it from its insurance brokers containing a summary and opinion of counsel for the underwriters.

Third, if the defendant has no copies of statements of witnesses taken by the underwriters and avers that after reasonable efforts to obtain same it has been unable to get them from the underwriters, it will so aver. Of course, if the copies are in the possession of counsel for the defendant and underwriters, that will be considered possession of the defendant. If under this ruling they are unable to produce statements or copies of them, the defendants will state the name and address of the person in custody of such reports, if any are in existence.

Fourth, the statements, reports, memoranda and so forth referred to are to be limited to statements or reports by witnesses to the accident, that term being understood as broader than mere eye witnesses, and including persons who have knowledge which might reasonably be considered relevant to the issue. It will also include a report, if any, made by an investigator other than counsel employed either by the defendant or underwriters.

Fifth, it is incumbent on the defendant, even if it has no present knowledge or information of the matter required to be produced here, to make at least some effort to ascertain whether or not such matter exists in the possession of the underwriters or elsewhere, it being understood that knowledge of counsel for the defendant is the knowledge of the defendant.